IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cr104

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT BOVE | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon the defendant's Motion to Revoke Detention, pursuant to 18 U.S.C. § 3145(b), and an Addendum.[1] (Doc. Nos. 7 and 13).

On April 14, 2011, the defendant was arrested pursuant to a complaint charging him with transportation and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1) and (4). (Doc. No. 1: Complaint; Doc. No. 9: Executed Arrest Warrant). A magistrate judge detained the defendant after a hearing on April 19, 2011.[2] (Doc. No. 6: Order).

At the detention hearing, the government proffered facts against the defendant, including internet "chats" with an undercover agent attributed to the defendant, in which the writer (known as "luvsyourlittlegirl") expressed his desire to engage in sexual acts with children as young as seven years old, but no younger because he did not want to hurt them. Additionally, he stated he was not actively abusing children but might start when he became a grandfather and detailed what he would do if he had the chance. The execution of a search warrant at the defendant's home revealed a computer beside the defendant's bed with internet chats and a digital storage device containing approximately 900 images and seven videos of child pornography, some

---

[1] The Addendum recites that state charges based on the same conduct as the federal case are being dismissed. (Doc. No. 13). However, there is no indication that the dismissal reflects the weight of the evidence, 18 U.S.C. § 3142(g)(2); therefore, that development has no material bearing on the instant motion.

[2] Although the hearing was not transcribed, the Court has reviewed a recording of the proceedings.

involving infants.  The defendant argued that chats about sexual activity did not constitute actual abuse and that removal of the computer eliminated the defendant's ability to engage in criminal activity.  The magistrate judge found that the defendant had not rebutted the presumption in favor of detention and, by clear and convincing evidence, that no combination of conditions would reasonably assure the safety of any other person or the community. (Doc. No. 6: Order).

A district court is required to make an independent, de novo determination when acting on a motion to review a magistrate judge's pretrial detention order. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992).  However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).  After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings, or may state additional reasons supporting pretrial detention. King, 849, F.2d at 490-91.

Accordingly, the Court has reviewed the entire record in this case de novo.  The Court finds that the magistrate judge correctly assessed the factors set forth in 18 U.S.C. § 3142(g) in reaching the conclusion that the defendant should be detained and adopts the magistrate judge's order.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Revoke Detention Order (Doc. No. 7) is **DENIED**.

Signed: May 10, 2011

Robert J. Conrad, Jr.
Chief United States District Judge